FILED IN MY OFFICE
DISTRICT COURT CLERK
6/20/2018 10:43 AM
James A. Noe
Dora Bozovic

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

KRISTY MICHAELIS,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　No. D-202-CV-2018-04652

KAO USA, INC.,
a Delaware Corporation,

    Defendant.

## COMPLAINT TO RECOVER DAMAGES FOR PRODUCT LIABILITY

Plaintiff Kristy Michaelis, by and through her attorneys, Freedman Boyd Hollander Goldberg Urias & Ward, P.A. (David A. Freedman, Esq. and Frank T. Davis Jr., Esq.), brings this Complaint to Recover Damages for Product Liability ("Complaint") against Defendant Kao USA, Inc. In support of her Complaint, Plaintiff states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Kristy Michaelis is a resident of Albuquerque, New Mexico. She was thirty years-old at the time the acts complained of herein occurred.

2. Defendant Kao USA, Inc. is a Delaware company, whose principal place of business is Cincinnati, Ohio.

3. Upon information and belief, Defendant Kao USA, Inc. does business throughout the United States of America.

4. Biore Blemish Fighting Ice Cleanser (hereinafter "Biore") is an over-the-counter topical skin medication that is distributed by Defendant Kao USA, Inc.



EXHIBIT A

5. Defendant Kao USA, Inc.'s Biore skin medication is sold in many states, including New Mexico.

6. This Court has jurisdiction over the parties, the subject matter of this litigation, and venue is proper pursuant to NMSA 1978, Section 38-1-16.

## FACTUAL BACKGROUND

7. This Complaint arises from Ms. Michaelis' use of Defendant's over-the-counter Biore skin medication, which caused catastrophic injuries that will impact Ms. Michaelis for the rest of her life.

8. Ms. Michaelis purchased Defendant's Biore skin medication from a store in Albuquerque, New Mexico, on April 22, 2016.

9. Defendant's Biore skin medication contains benzoyl peroxide or salicylic acid in a concentration of approximately 2%.

10. That same evening, Ms. Michaelis decided to use Defendant's Biore skin medication to wash her face and neck.

11. Ms. Michaelis followed the directions for use that are printed on the bottle of the Biore skin medication.

12. In particular, Ms. Michaelis wet her face, pumped the Biore skin medication from the bottle into her hands, massaged the product over her entire face and neck, and then she rinsed thoroughly.

13. At the time that she used Defendant's Biore skin medication, Ms. Michaelis was not using any other topical skin medications.

14. Ms. Michaelis used Defendant's Biore skin medication shortly before she went to bed for the evening.

15. Before sunrise the following morning, Ms. Michaelis was awakened from her sleep due to difficulty breathing.

16. Ms. Michaelis experienced tightness in her throat, swelling of her eyes, face, lips, and tongue.

17. Ms. Michaelis also had large and severe chemical burns all over most of her face:



18. Ms. Michaelis' injuries were the direct and proximate result of having used Defendant's Biore skin medication.

19. Ms. Michaelis was in great pain, and it took days for the swelling on her face to dissipate.

20. It took months for the wounds from the chemical burns on Ms. Michaelis' face to heal.

21. Even after her wounds healed, Ms. Michaelis was left with permanent scars on her face.

22. In the months that followed April of 2016, Ms. Michaelis consulted with many clinicians, including at least one dermatologist and plastic surgeon, in an attempt to deal with the injuries that resulted from her use of Defendant's Biore skin medication.

23. The attempts to fully repair Ms. Michaelis' skin ultimately proved unsuccessful, and Ms. Michaelis' face will reflect the damage caused by Defendant's Biore skin medication for the rest of her life.

24. The traumatic physical and emotional injuries suffered by Ms. Michaelis have severely impacted her day-to-day life and routine activities.

25. Ms. Michaelis' personal relationships have been damaged, she became depressed, and Ms. Michaelis now feels uncomfortable being seen without heavy makeup covering her scars. In addition, as a result of her injuries, Ms. Michaelis has difficulty engaging in normal social interactions without feeling self-conscious about the way she looks.

26. Unbeknownst to Ms. Michaelis, about two years before she used Defendant's Biore skin medication, on June 24, 2014, the FDA issued a Safety Warning about over-the-counter skin products, including Defendant's Biore skin medication, that contain benzoyl peroxide or salicylic acid, or a combination of either or both of those active ingredients with inactive ingredients.

27. The FDA warned that these over-the-counter skin medications, including Defendant's Biore skin medication, "can cause rare but serious and potentially life-threatening allergic reactions or severe irritation," including but not limited to: "throat tightness; difficulty

breathing; feeling faint; or swelling of the eyes, face, lips, or tongue" and "hives or itching" – the same types of symptoms that Ms. Michaelis experienced after using Defendant's Biore skin medication.

28. In a June 25, 2014 consumer update, an FDA medical officer, Mona Khurana, M.D., stated that "[t]here is currently no mention of the possibility of these very severe allergic reactions on the product labels." She added that "[i]t's important that consumers know about them…"

29. The FDA's consumer update notes that from 1969 through January of 2013 at least 131 consumers and manufacturers of similar over-the-counter skin medications had reported allergic and hypersensitivity-related adverse reactions associated with these products.

30. The FDA thus recommended that manufacturers of these products add directions to all product labels to reduce the risk of serious hypersensitivity and other allergic reactions.

31. According to the directions for use recommended by the FDA, before using an over-the-counter skin medication, like Defendant's Biore skin medication, new users should apply a small amount of the product to a small affected area for three days. If no discomfort occurs, the user can then follow the labeled directions for normal use.

32. Such directions and warnings were particularly important in products like Defendant's Biore skin medication that contain approximately 2% concentrations of benzoyl peroxide or salicylic acid, or a combination of either or both of those active ingredients with inactive ingredients.

33. At all times relevant to this Complaint, Defendant's Biore skin medication did not contain the appropriate warnings and/or directions for use that were recommended by the FDA on June 25, 2014.

34. Defendant should be held liable for the damages its Biore skin medication caused to Ms. Michaelis because Defendant failed to avoid the foreseeable risk of injury caused by a condition of its product and the manner in which it is used.

## CAUSES OF ACTION
### COUNT I: Strict Product Liability

35. Defendant Kao USA, Inc. is the distributor of the Biore skin medication that caused the injuries suffered by Ms. Michaelis.

36. The Biore skin medication distributed by Defendant Kao USA, Inc. was in an unreasonably dangerous and defective condition because it (1) contains a combination of benzoyl peroxide and/or salicylic acid, or a combination of either or both of those active ingredients with inactive ingredients that are known to cause significant injuries to certain people who use this product on their skin; and (2) lacked a warning or other label which would apprise all foreseeable users of the Biore skin medication that a severe allergic reaction might result from the use of the product and/or that instructed new users of the Biore skin medication to apply a small amount of the product to a small affected area for three days and, if no discomfort occurs, the user can then follow the labeled directions for normal use.

37. Ms. Michaelis was a foreseeable user of Defendant's Biore skin medication.

38. The condition of Defendant's Biore skin medication posed an unreasonable risk of injury to foreseeable users of the product, and this risk could have been eliminated without seriously impairing the usefulness of the product or making it unduly expensive.

### COUNT II: Negligence

39. Defendant Kao USA, Inc. owed a duty to Ms. Michaelis to use ordinary and reasonable care in the design and manufacture of its Biore skin medication, because Ms. Michaelis was reasonably expected to use this product. Defendant's duty of care was required to avoid the

6

foreseeable risk of injury caused by the condition of the product or the manner in which it was used.

40. Defendant Kao USA, Inc. breached this duty by failing to use ordinary care in the design and manufacture of its Biore skin medication.

41. Defendant Kao USA, Inc. also owed a duty to Ms. Michaelis to ensure its Biore skin medication contained adequate warnings to foreseeable users of this product that serious and potentially life-threatening allergic reactions or severe irritation could result from use of Defendant's Biore skin medication.

42. Defendant Kao USA, Inc. breached this duty when it failed to ensure that its Biore skin medication contained appropriate warning labels or a lower level of benzoyl peroxide or salicylic acid, or a combination of either or both of those active ingredients with inactive ingredients.

43. The injuries that Ms. Michaelis complains of herein were a direct and proximate result of the breaches of the duties owed to her by Defendant Kao USA, Inc.

44. Defendant Kao USA, Inc.'s breaches of the duties it owed to Ms. Michaelis caused her to suffer damages.

45. Defendant Kao USA, Inc.'s negligent design, manufacture and supply of the Biore skin medication, and its failure to provide appropriate warning labels on its product, were reckless and/or made with utter indifference to the consequences and a conscious disregard for a person's safety.

WHEREFORE Ms. Michaelis requests that the Court, after a trial by jury, award:

A. Damages in an amount to be proved at trial, including punitive damages;

B. Ms. Michaelis' attorneys' fees and reasonable costs incurred;

C. Pre- and post-judgment interest; and

D. Any and all other relief the Court may deem proper.

        Respectfully submitted,

        FREEDMAN, BOYD, HOLLANDER,
        GOLDBERG, URIAS & WARD, P.A.

        */s/ Frank Davis*
        DAVID FREEDMAN
        FRANK T. DAVIS JR.
        20 First Plaza Center, NW, Suite 700
        Albuquerque, New Mexico 87102
        P: (505) 842-9960
        F: (505) 842-0761
        daf@fbdlaw.com
        ftd@fbdlaw.com

        *Attorneys for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/20/2018 10:43 AM
James A. Noel
Dora Bozovic

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

KRISTY MICHAELIS,

    Plaintiff,

vs.                                      No. D-202-CV-2018-04652

KAO USA, INC.,
a Delaware Corporation,

    Defendant.

## PLAINTIFF'S CERTIFICATION REGARDING ARBITRATION UNDER LR2-603

COMES NOW, Plaintiff by and through their counsel of record, Freedman Boyd Hollander Goldberg Urias & Ward P.A. (David Freedman and Frank T. Davis), and hereby certifies that:

[ ]    This case is subject to referral to arbitration under LR2-603. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000 inclusive of punitive damages, and exclusive of interest, costs and attorney's fees.

[X]    This case is not subject to referral to arbitration under LR2-603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs, and attorney's fees.

                              Respectfully submitted,

                              FREEDMAN, BOYD, HOLLANDER,
                              GOLDBERG, URIAS & WARD, P.A.

                              */s/ Frank Davis*
                              DAVID FREEDMAN
                              FRANK T. DAVIS JR.
                              20 First Plaza Center, NW, Suite 700

Albuquerque, New Mexico 87102
P: (505) 842-9960
F: (505) 842-0761
daf@fbdlaw.com
ftd@fbdlaw.com

*Attorneys for Plaintiff*

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/20/2018 10:43 AM
James A. Noel
Dora Bozovic

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

KRISTY MICHAELIS,

    Plaintiff,

vs.                                     No. D-202-CV-2018-04652

KAO USA, INC.,
a Delaware Corporation,

    Defendant.

## SIX PERSON JURY DEMAND

Plaintiff hereby requests that the trial of this matter be heard by a jury of six (6) persons.

Plaintiff hereby tenders to the Clerk of the District Court the sum of $150.00.

                                   Respectfully submitted,

                                   FREEDMAN, BOYD, HOLLANDER,
                                   GOLDBERG, URIAS & WARD, P.A.

                                   /s/ Frank Davis
                                   DAVID FREEDMAN
                                   FRANK T. DAVIS JR.
                                   20 First Plaza Center, NW, Suite 700
                                   Albuquerque, New Mexico 87102
                                   P: (505) 842-9960
                                   F: (505) 842-0761
                                   daf@fbdlaw.com
                                   ftd@fbdlaw.com

                                   *Attorneys for Plaintiff*